UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE DAVID SMITH,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL FISHER, et al.,<br><br>        Defendants. | Case No.  26-cv-01212-AGT<br><br>**SECOND SCREENING ORDER;**<br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 6, 15 |

The Court requests that the Clerk of the Court mail a copy of the February 20, 2026, screening order to Plaintiff's current address, 1761 University Avenue, Room 202, Berkeley, CA, 94703. The Clerk's prior mailing of the screening order, to Smith's former address, was returned as undeliverable. Dkt. 10.

After the Court issued its February 20 screening order, Smith filed first and second amended complaints. Dkts. 7–8. Neither amended complaint referenced or responded to the February 20 screening order, perhaps because Smith never received a copy of it.

For avoidance of doubt, the Court notes that the amended complaints don't cure the deficiencies identified in the February 20 screening order. In his original complaint, Smith alleged that his landlord and three unnamed neighbors were surveilling him in his apartment and had conspired to evict him. Dkt. 1, Compl. ¶ 4. In the February 20 screening order, the Court concluded that Smith had failed to state an actionable claim for relief. He didn't allege that Defendants had discriminated against him based on a protected category, as necessary for a Fair Housing Act claim, 42 U.S.C. § 3604, and he never identified a legal basis for his

surveillance claim. Dkt. 6 at 1–2.

In his first amended complaint, Smith added his landlord's wife, Dona Fisher, as a defendant. Dkt. 7. He alleged that she committed fraud because she "had the Sheriff serve me with a temporary restraining order." *Id.* at 1. In his second amended complaint, Smith added Miguel Ortiz as a defendant. Smith alleges that Ortiz "is stalking me." Dkt. 8 at 2. Smith's amended complaints "tender[] naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). He hasn't stated an actionable claim against Dona Fisher or Miguel Ortiz.

Because Smith may have filed his first and second amended complaints without the benefit of the Court's February 20 screening order (due to his change of address), the Court will allow Smith to file a third amended complaint, by July 17, 2026. But if he doesn't file an amended complaint by then, or if he files an amended complaint that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss his case.[1]

**IT IS SO ORDERED.**

Dated: July 1, 2026

Alex G. Tse
United States Magistrate Judge

---

[1] Smith's former landlord, Michael Fisher, and his wife, Dona Fisher, have moved to dismiss the second amended complaint. Dkt. 15. Apparently Smith notified them of the case and they chose to respond, even though the Court hasn't ordered the U.S. Marshal to serve Defendants with process. *See* Screening Order, Dkt. 6 (granting Smith leave to amend his original complaint but not authorizing service of process); 28 U.S.C. § 1915(d) (providing that the "officers of the court shall issue and serve all process" in *in forma pauperis* cases). The Court is charged with screening the complaint under 28 U.S.C. § 1915(e)(2)(B). The Court accordingly denies the motion to dismiss without prejudice. If the Court later concludes that Smith has stated claims that pass the screening stage, Defendants may move to dismiss again.